1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ROBERT ALAN HECKER,

11       Plaintiff,           No. CIV S-06-1115 LKK DAD P

12   vs.

13 K. MYLES, et al.,

14       Defendants.       <u>FINDINGS & RECOMMENDATIONS</u>

15 _____/

16       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in

18 accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

19       The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23 granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

24 U.S.C. § 1915A(b)(1) & (2).

25       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6            A claim should be dismissed for failure to state a claim upon which relief may be

7   granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

8   claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

9   Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

10  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

11  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

12  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

13  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

14  411, 421 (1969).

15           Here, plaintiff's complaint presents the following allegations.  On September 26,

16  2002, plaintiff was placed in administrative segregation which resulted in a change of

17  classification, reduction of time credits, and extended his release date by thirty-five days.  The

18  day before plaintiff was placed in administrative segregation, defendant Pacheco interviewed

19  plaintiff and noted plaintiff was exhibiting the following symptoms, "Anxiety severe enough to

20  create clinical paranoia" and "PTSD." (Compl.., Attach. "Chronological Interdisciplinary

21  Progress Notes," dated 7/23/02.)  Because of this evaluation, plaintiff argues that his placement

22  in administrative segregation was unlawful because he was being punished for "displaying

23  symptoms" of his mental illness.  Plaintiff argues that Coleman v. Wilson prohibits the taking of

24  punitive measures against prisoners with mental illness when their symptoms are beyond their

25  /////

26  /////

1    control.[1]  Plaintiff contends that defendant Pacheco should have taken some action, not

2    specifically alleged, to keep plaintiff from being placed in administrative segregation.  Plaintiff

3    also names defendant Myles who was the recorder for the five-member classification committee.

4    (Compl., Attach., Classification Committee Action Report, dated 10/3/02.[2])  Plaintiff alleges,

5    again without further explanation, that defendant Myles allowed plaintiff's classification to be

6    changed.  Plaintiff seeks the following relief:  (1) written findings by the court confirming that

7    plaintiff suffers from a diagnosable mental health condition and should have received immediate

8    treatment for anxiety and post-traumatic stress disorder; (2) declaratory relief confirming that

9    plaintiff's diagnosis of hypothyroidism on April 29, 2003, qualifies plaintiff under the Americans

10   with Disabilities Act for a psychiatric disability; (3) declaratory relief confirming that plaintiff's

11   placement in administrative segregation was based on his psychiatric disability and violates

12   Coleman v. Wilson; and (4) injunctive relief restoring the loss of time credits.

13          Plaintiff attaches a copy of the classification committee report which authorized

14   his placement in administrative segregation.  The report provides:

15          Inmate HECKER claims that he has seen inmates that were at WSP
            when he was assaulted.  HECKER is unable to identify these
16          inmates by name or CDC number, however he has created safety
            issues by calling other inmates "skinhead" and making other
17          comments as he is escorted down the tier.  Release to the general
            population at FSP would jeopardize the safety of the inmate and
18          the security of the institution.

19   (Id. Classification Committee Action Report, at 1.)

20          To the extent that plaintiff is seeking to challenge his placement in administrative

21   segregation, his claim is not cognizable.  Administrative segregation falls within the terms of

22   _____

23          [1]  The court notes that Coleman v. Wilson  is a civil rights lawsuit initiated by inmates
     alleging deprivation of adequate medical care.  One of the findings by the district court in
24   Coleman was that "[t]here is substantial evidence in the record of seriously mentally ill inmates
     being treated with punitive measures by the custody staff to control the inmates' behavior
     without regard to the cause of the behavior, the efficacy of such measures, or the impact of those
25   measures on the inmates' mental illnesses."  912 F. Supp. 1282, 1320 (E.D. Cal. 1995).

26          [2]  Court document number 1 at 91.

1   confinement ordinarily contemplated by a sentence.  See May v. Baldwin, 109 F.3d 557, 565 (9th

2   Cir. 1997).  It also appears from the allegations of plaintiff's complaint that the action taken with

3   respect to plaintiff was not a punitive measure, but was based on concerns for plaintiff's safety as

4   well as prison security.  Prison officials could not have ignored the safety concerns raised by

5   plaintiff's claim of having seen inmates who had previously attacked him.  Finally, the

6   allegations of the complaint do not suggest that plaintiff suffered any procedural due process

7   violation.  Plaintiff received proper notice and an informal hearing, was informed about the

8   reason for placement in administrative segregation, and was provided an opportunity to present

9   his views.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1987).

10          Plaintiff's challenge concerning the change of his classification which resulted in

11  the loss of time credits is also not cognizable.  A prisoner has no constitutional right to a

12  particular classification status.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); see also

13  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  The fact that the classification

14  change impacted plaintiff's ability to earn time credits, does not change this conclusion.

15          Plaintiff's request that the court make a finding that he suffers from a mental

16  disability as early as April 29, 2003, when he was diagnosed with hypothyroidism, is not related

17  to a cognizable constitutional claim.  In addition, plaintiff's request that the court rule as to

18  whether his rights under Coleman v. Wilson have been violated is not properly presented in this

19  action.  The undersigned notes that the Coleman case is still pending and, according to the

20  court's records, plaintiff has a separate civil rights action pending before this court which has

21  been referred to the special master in Coleman.  See Heckler v. California Department of

22  Corrections and Rehabilitation, No. CIV S-05-2441 LKK JFM P.

23          On June 2, 2006, plaintiff filed a document styled, "Motion To File Exhibit J

24  Pleading," in which plaintiff seeks to provide supplemental facts relating to his release date and

25  psychiatric disability.  Even if considered, the supplemental facts set forth therein do not change

26  the court's conclusion that plaintiff's complaint fails to state a cognizable claim.

1          On May 24, 2006, plaintiff filed a motion for leave to proceed in forma pauperis.

2    The motion should be denied because this civil rights action fails to state a civil rights claim

3    upon which relief may be granted in this court.  See 28 U.S.C. § 1915(e)(2).

4          Accordingly, IT IS HEREBY RECOMMENDED that:

5          1.  Plaintiff's May 24, 2006 motion for leave to proceed in forma pauperis be

6    denied; and

7          2.  This action be dismissed for failure to state a cognizable claim.[3]

8          These findings and recommendations are submitted to the United States District

9    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10   days after being served with these findings and recommendations, plaintiff may file written

11   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

13   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14   F.2d 1153 (9th Cir. 1991).

15   DATED: March 20, 2007.

16

17   _____

18   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

19   DAD:4
     heck1115.56

20

21

22

23

24

---

25     [3]  In light of these findings and recommendations, the court will disregard plaintiff's July 5, 2006 motion seeking to clarify the process of serving defendants, plaintiff's August 30, 2006 motion for judicial notice, and plaintiff's March 13, 2007 motion for service on defendant Pacheco.

26