IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ALAN HECKER,

      Plaintiff,                    No. CIV S-06-1115 LKK DAD P

    vs.

K. MYLES, et al.,

      Defendants.        <u>ORDER</u>

                           /

         Judgment was entered in this case on July 6, 2007 after the court determined that plaintiff had failed to state a cognizable claim. On July 18, 2007, plaintiff filed a document entitled, "Motion To Amend Findings and 7/6/07 Judgment." Therein, plaintiff argues that pursuant to Rules 52(b) and 59 of the Federal Rules of Civil Procedure, the judgment should be vacated. On August 8, 2007, plaintiff filed a motion entitled, "Motion For Relief From Mistaken Findings and 7/6/07 Judgment." In that motion plaintiff advanced similar arguments but sought relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

         In his complaint plaintiff alleged that defendant Pacheco, a psychologist at Folsom State Prison, was aware that plaintiff's suffered from a psychiatric condition and should have acted to prevent plaintiff from being placed in administrative segregation. The classification committee report, attached to plaintiff's complaint, indicated that plaintiff was

1

placed in administrative segregation to protect him from assault by inmates who had previously assaulted him. The report indicated that plaintiff had called those inmates, "skinhead," thereby jeopardizing his own safety and the security of the institution.

The court concluded that plaintiff had failed to state cognizable claims challenging his placement in administrative segregation, his classification change or the procedural due process accorded him. In his pending motions, plaintiff again contends that he was experiencing a psychological crisis at the time and that defendant Pacheco should have initiated crisis intervention rather than allowing plaintiff to be placed in administrative segregation. These allegations were previously considered by the court.

Rules 52 and 59 of the Federal Rules of Civil Procedure govern motions for new trial and to alter or amend judgments. Of more relevance to plaintiff's pending motions, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) motions are addressed to the sound discretion of the district court. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975); Rodriguez v. Bowen, 678 F. Supp. 1456, 1457 (E.D. Cal. 1988). Here, plaintiff has failed to demonstrate that he is entitled to relief from the judgment previously entered by the court .

/////

/////

1  Accordingly, IT IS HEREBY ORDERED that, plaintiff's July 18, 2007 and
2 August 8, 2007 motions to vacate the judgment and to amend the court's findings and
3 conclusions, are denied.

4 DATED: October 18, 2007.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT